UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY WALKER,

       Plaintiff,

                              CASE No. 1:21-cv-223

v.

                              HON. ROBERT J. JONKER

HEIDI WASHINGTON,

       Defendant.

_____/

## <u>ORDER REGARDING REPORT AND RECOMMENDATION</u>

### INTRODUCTION

This is a prisoner civil rights lawsuit.  In his lawsuit, Plaintiff Larry Walker challenges an

MDOC policy related to dental care that provides prisoners tooth extractions but not root canals

and crowns.  On May 17, 2023, the Magistrate Judge issued a Report and Recommendation (ECF

No. 59) that recommends granting a defense motion seeking summary judgment on the basis of

exhaustion and dismissing the case.  Plaintiff has filed objections (ECF No. 56) and he has also

requested leave to further amend his Complaint.  (ECF No. 67).

### DISCUSSION

#### 1.  *Class Action Proceedings*

In the course of reviewing the Magistrate Judge's Report and Recommendation, the Court

reviewed the Eastern District of Michigan case, *Bownes v. Washington*, 2:14-CV-11691 (E.D.

Mich).  Like the instant case, the plaintiffs in *Bownes* allege that MDOC's dental policies violate

the Eighth Amendment.  The district court certified a class action in that matter in February 2013.

*Id.* at ECF No. 253.  The parties in *Bownes* have since reached a settlement agreement and notice

has been sent to the class.  *Id.* at ECF No. 390.  It appeared to the Court that Plaintiff Walker was a member of the class, and on August 28, 2023, the Court entered an administrative stay of the case.  (ECF No. 81).  Plaintiff now moves to lift the stay.  (ECF No. 82).  Defendant does not oppose Plaintiff's request.  (ECF No. 84).

Both sides now agree that Plaintiff is a member of the class in *Bownes*.  (ECF Nos. 82, ECF No. 86).[1]  That would appear to present a facial problem in this action, since generally parties cannot proceed with duplicative claims.  *See, e.g.*, *Shabazz v. Centurion*, No. 17-1051-JDT-CGC, 2018 WL 1440985, at *3 (W.D. Tenn. Mar. 22, 2018) (prisoner plaintiff member of class could not proceed individual on claims covered by class).  But it also appears that both sides believe that at least some part of the claims advanced in this case fall outside of the claims covered by *Bownes* class action.  Indeed, while apparently conceding that Plaintiff is a *Bownes* class member, the defense argues that the settlement agreement "would not impact Walker's claims or requested relief in the instant matter."  (ECF No. 86).  There is some tension, to say the least, in these two positions.  Yet, without wading too deep into the finer points of dental care, it does appear that there are at least some portions of this case that are not covered by the *Bownes* settlement.  Plaintiff, for example, seeks compensatory damages.  The settlement in *Bownes*, however, appears to concern injunctive relief only.  There may, then, be a pathway for Plaintiff to proceed to the extent he is raising claims or requesting relief outside the scope of the *Bownes* class settlement.  *See In re Jackson Lockdown/MCO Cases*, 568 F. Supp. 869, 892 (E.D. Mich. 1983) ("[E]very federal court of appeals that has considered the question has held that a class action seeking only declaratory and injunctive relief does not bar subsequent individual suits for damages based on the

---

[1] Plaintiff argues he has disclaimed any participation in the class action, but there is no opt-out provision in Rule 23(b)(2), which is the mechanism at issue in *Bownes*.

same or similar conditions."). The Court is satisfied, then, that overall this is a different case from *Bownes*, despite some overlap in the subject matter and events. To the extent Plaintiff's claims are covered by the class action in *Bownes*, Plaintiff must pursue his case there. With respect to those claims outside the class action, a lift of the stay previously entered in this case is warranted, and the Court proceeds to the Report and Recommendation.

### 2.  *Report and Recommendation*

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 59) and Plaintiff's Objection to the Report and Recommendation (ECF No. 66). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends granting Defendant Washington's motion for summary judgment on the basis of exhaustion; and denying Plaintiff's motion for summary judgment and

motion to amend his Complaint.  In his objection, Plaintiff primarily reiterates the arguments that have already been thoroughly considered by the Magistrate Judge.  Nothing changes the fundamental analysis. The Magistrate Judge carefully and thoroughly considered the record, the parties' arguments, and the governing law.

Plaintiff does not dispute that he was required to name Defendant Washington in his grievance and that he did not do so.  He argues, however, that the requirement that he name Defendant Washington should be waived under *Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir. 2010), because he invoked the grievance process through completion and received a merit-based response at each step.  Plaintiff reads *Reed-Bey* too expansively.  In *Reed-Bay*, the Sixth Circuit explained, "[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." *Id.* at 325.  The prison did indeed address the merits of Plaintiff's claim through all three steps of the process, and did not mention any procedural defect or an inability to identify the persons grieved. But both the grievances and the grievance responses were focused on the specific treatment provided to Plaintiff by the MDOC dentist and dental assistant; there was no reference to Director Washington at all. Nor did the grievance responses attempt to defend an overall MDOC treatment policy.  To the contrary, the responses focused on the particulars of care provided to Plaintiff by specific dental professionals.

This lawsuit, in contrast, names only Director Washington and involves a direct challenge to policy. Defendant Washington, therefore, retained the ability to argue exhaustion in this case even though the underlying grievance process addressed the merits of the specific care provided. *Reed-Bey* does not control this situation:

> In *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010), the initial
> grievance did not name any defendant, and the MDOC opted to

> address the grievance on the merits, rather than denying the grievance for failing to name individuals.   Unlike *Reed-Bey*, Plaintiff named a specific individual.  Plaintiff's interpretation of the holding in *Reed-Bey* would require the MDOC to include, in response to any grievance, a list of all possible affirmative defenses that might be raised in a future lawsuit.  That is not the law.

*Kean v. Hughes*, No. 1:12-cv-847, 2013 WL 5771146, at *2 (W.D. Mich. Oct. 24, 2013); *see Vandiver v. Vasbinder*, No. 08-10508, 2012 WL 4355536, at *2 (E.D. Mich. Sept. 24, 2012) (A response to a grievance does not deprive all MDOC employees regardless of direct involvement of the right to defend on exhaustion grounds).  Here, Plaintiff's grievance did not provide Defendant Washington with "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against [her]."  *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006).  The Court agrees with the Magistrate Judge, then, that Defendant Washington's motion for summary judgment should be granted for the very reasons articulated by the Magistrate Judge.

The Court further agrees with the Magistrate Judge that Plaintiff's motion for summary judgment and motion to amend his Complaint should be denied.  Since the filing of the Report and Recommendation, Plaintiff has filed another motion for leave to amend his complaint.  (ECF No. 67).  It is not immediately apparent what the differences are between the latest proposed amended Complaint (ECF No. 67-1) and the earlier motion that was reviewed by the Magistrate Judge.  (ECF No. 34-1).  The only meaningful difference appears to be a substitution of one state law claim for another.  However, as the Magistrate Judge correctly pointed out, because the Court has dismissed Plaintiff's federal claim, there is no reason why Plaintiff should be permitted to amend his Complaint to litigate four state law claims.

**CONCLUSION**

**ACCORDINGLY, IT IS ORDERED** that the August 28, 2023, Administrative Stay (ECF No. 81) is **LIFTED.** Plaintiff's Motion for Order (ECF No. 82) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 59) is **APPROVED AND ADOPTED** as the opinion of the Court to the extent Plaintiff's Complaint asserts claims outside the *Bownes* class.

**IT IS FURTHER ORDERED** That Defendant Washington's Motion for Summary Judgment (ECF No. 25) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 55); and Motions to Amend Complaint (ECF Nos. 34, 36, and 67) are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Objection (ECF No. 87) is **OVERRULED.**

This case is **DISMISSED.** A separate Judgment shall issue.

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).


Dated:   November 15, 2023         /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE